# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 6, 2026

```
* * * * * * * * * * * * *    *
ALEXANDER J. MCISAAC,        *
as personal representative for the estate of *
JOSEPH EDMUND MCISAAC,       *
                             *
         Petitioner,         *    No. 21-2308V
                             *
v.                           *    Special Master Young
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
         Respondent.         *
* * * * * * * * * * * * *    *
```

*Courtney Christine Jorgenson*, Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner
*Felicia Langel*, United States Department of Justice, Washington, DC, for Respondent

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 20, 2021, Joseph Edmund McIsaac ("Petitioner")[2] filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[3] 42 U.S.C. §§ 300aa-1 to -34 (2018); Pet., ECF No. 1. Petitioner alleged that following his receipt of an influenza ("flu") vaccine on January 10, 2019, he developed Guillain-Barré syndrome ("GBS"). Pet. at 1.

On January 7, 2025, Petitioner filed a motion for interim attorneys' fees and costs, requesting a total of **$35,206.15** for the work of his former counsel, Andrew Downing. Pet'r's

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Joseph McIsaac died on December 8, 2024, during the pendency of this case. Pet'r's Ex. 11 at 1. On May 14, 2025, the Chief Special Master granted the motion to amend the caption to name Alexander J. McIsaac, the personal representative of the Estate of Joseph McIsaac, as Petitioner. ECF No. 42.

[3] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Motion for Interim Attorneys' Fees & Costs ("Pet'r's Mot.") at 17, ECF No. 31. This amount consists of $33,832.50 in fees and $1,373.65 in costs. *Id.* Petitioner has not incurred any personal costs related to the prosecution of his petition. *Id.* at 19. On January 8, 2025, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 32. In his response, Respondent stated that he "defers to the Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. Petitioner did not file a reply. For the reasons stated below, I will award interim attorneys' fees and costs to Petitioner's former counsel, Mr. Downing.

I.   **Availability of Interim Attorneys' Fees and Costs**

   A.  **Good Faith and Reasonable Basis**

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim fees and costs are met.

   B.  **Justification for an Interim Award**

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

Mr. Downing is no longer on the case. However, while he was on the case, Petitioner's fees and costs accumulated in the course of litigation. Petitioner submitted an itemization of attorney fees and a summary and documentation of costs. Petitioner's counsel requested a total of **$35,206.15** in fees and expenses, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings, and the fact that Mr. Downing has withdrawn as counsel and is no longer on the case, I find an award of interim attorneys' fees and costs reasonable and appropriate for his work completed in this case.

**II.     Reasonable Attorneys' Fees**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**A. Hourly Rate**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2025 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Andrew Downing: $385.00 per hour for work performed in 2021, $445.00 per hour for work performed in 2022 and 2023, and $485.00 per hour for work performed in 2024; for Ms. Ann Allison, $415.00 per hour for work performed in 2022 and 2023, and $435.00 per hour for work performed in 2024; and for Ms. Courtney Jorgenson (formerly Van Cott), $275.00 per hour for work performed in 2021, $345.00 per hour for work performed in 2022 and 2023, and $375.00 per hour for work performed in 2024. Petitioner also requests rates between $135.00 and $175.00 per hour for work performed by her counsel's paralegals between 2021 and 2024.

---

[4] The OSM Fee Schedules are available at: https://www.cfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

I find that Ms. Allison's 2022-2024 rates and the 2020-2021 and 2023-2024 rates for Mr. Downing and Ms. Jorgenson are reasonable and in accordance with what these attorneys have previously been awarded for their Vaccine Program work. I will therefore award these rates in full.

It appears, however, that the requested 2022 rates for Mr. Downing and Ms. Jorgenson are inconsistent with what has previously been awarded. *See, e.g.*, *Coons v. Sec'y of Health & Hum. Servs.*, No. 20-1067V, 2022 WL 2294213, at *6-7 (Fed. Cl. Spec. Mstr. May 19, 2022) (awarding Mr. Downing $415.00 per hour for work performed in 2022 and awarding Ms. Jorgenson $325.00 per hour for work performed in 2022); *Vizcarra v. Sec'y of Health & Hum. Servs.*, No. 20-488V, 2023 WL 5935744, at *7-8 (Fed. Cl. Spec. Mstr. Aug. 18, 2023) (reducing rates for Mr. Downing and Ms. Jorgenson in 2022). I find no reason to deviate from such reasoned determination, and hereby reduce the rates requested herein to be consistent with the aforementioned decisions. This results in a reduction of $64.00.[5]

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be reasonable. Counsel provided sufficiently detailed descriptions for the tasks performed. Petitioner is therefore awarded $33,768.50[6] in interim attorneys' fees.

### C. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Regarding expert fees, "[t]he question is not whether [the expert] expended the numbers of hours claimed, but whether it was necessary or reasonable for him to do so." *Baker v. Sec'y of Health & Hum. Servs.*, No. 99-653V, 2005 WL 6122529, at *4 (Fed. Cl. June 21, 2005) (quoting *Wasson v. Sec'y of Health & Hum. Servs.*, No. 90-208V, 1991 WL 135015, at *3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24. Cl. Ct. 482, 483 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)). An expert retained by petitioners in the Vaccine Program will only be compensated at a reasonable hourly rate, and petitioners have

---

[5] (($445.00 - $415.00) x 1.8 hours) + (($345.00 - $325.00) x 0.5 hours) = $64.00.
[6] $33,832.50 - $64.00 = $33,768.50.

the burden of demonstrating that the expert costs incurred were reasonable. *Smith v. Sec'y of Health & Hum. Servs.*, No. 18-0043V, 2020 WL 1243238, at *9 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (citing *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests a total of $1,373.65 in attorneys' costs, consisting of obtaining medical records, postage, and the filing fee. These costs have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded the full amount of costs sought.

### III. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I award Petitioner the following in interim attorneys' fees and costs:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $33,832.50 |
| (Reduction) | -$64.00 |
| **Interim Attorneys' Fees Awarded** | **$33,768.50** |
| | |
| Interim Costs Requested | $1,373.65 |
| (Reduction) | -$0.00 |
| **Interim Costs Awarded** | **$1,373.65** |
| **Total Amount Awarded** | **$35,142.15** |

**Accordingly, I award a lump sum in the amount of $35,142.15, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's former counsel, Andrew Downing's, IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[7]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young<br>
Herbrina D.S. Young<br>
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.